IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CARLOS L. THOMAS,<br><br>        Plaintiffs,<br><br>    vs.<br><br>ST. LOUIS SCREW & BOLT,<br><br>        Defendants. | Case No. 14-cv-544-SMY-SCW |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. 31) And Defendant's Motion to Continue the Final Pretrial Conference and Trial (Doc. 35). Plaintiff filed suit against Defendant alleging breach of a settlement agreement. Specifically, Plaintiff alleges that Defendant breached the agreement by "protesting or responding" to Plaintiff's appeal of the denial of his claim for unemployment Benefits. For the reasons that follow, Defendant's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. Defendant's Motion to Continue the Final Pretrial Conference and Trial is **DENIED as MOOT**.

**Undisputed Facts**

Plaintiff and Defendant entered into a settlement agreement which went into effect November 18, 2011. Doc. 31, Ex. A ("Settlement Agreement"). Prior to the effective date of the agreement, Plaintiff filed for unemployment benefits and was found eligible on September 23, 2011.  Doc. 31, Ex. B.  However, on October 24, 2011, Plaintiff filled out the Illinois Department of Employment Security Refusal to Work Questionnaire and indicated that he had received an offer of employment through a last chance agreement with Defendant. Doc. 31, Ex. C.  Because of Plaintiff's disclosure of the last chance agreement, the Illinois Department of

Employment Security (IDES) determined Plaintiff was no longer eligible for unemployment benefits. Doc. 31, Ex. E.

On November 8, 2011, Plaintiff appealed the decision. Defendant sent a letter to IDES stating that it did not contest Plaintiff's application for unemployment benefits. Doc. 31, Ex. F-H. Plaintiff's appeal was denied and Defendant sent a follow-up letter to IDES reiterating that it did not oppose Plaintiff's application for unemployment benefits. Doc. 31, Ex. I. Prior to June 5, 2012 Plaintiff refiled for unemployment benefits and was denied again because he had not earned the appropriate type of wages to requalify for such benefits. Doc. 31, Ex. J.

In its Motion for Summary Judgment, Defendant argues that Plaintiff's claim for breach of contract must fail because he cannot establish the material elements of the claim. Under Illinois law, a plaintiff must establish: "(1) the existence of a valid and enforceable contract; (2) performance by [that party]; (3) breach of the contract by the [opposing party]; and (4) resultant injury." *Gonzales v. Am. Exp. Credit Corp.*, 733 N.E.2d 345, 351 (Ill. App. 1st Dist. 2002). In this case, the undisputed facts are that the only communication between IDES and Defendant regarding Plaintiff's claims for unemployment benefits was correspondence from Defendant's Controller advising IDES that Defendant did not contest Plaintiff's claim. As a matter of law, the Court finds that such actions did not breach Defendant's agreement not to "protest or respond" to Plaintiff's appeal of the denial of his unemployment benefits. Further, the evidence before the Court supports Defendant's assertion that the sole cause of the denial of Plaintiff's unemployment benefits was Plaintiff's responses on his applications.

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26;

*Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). When a party fails to address an argument in his summary judgment response, it is deemed a waiver. See *Roe-Midgett v. CC Servs., Inc*., 512 F.3d 865, 876 (7th Cir.2008); *Palmer v. Marion Count*y, 327 F.3d 588, 597-599 (7th Cir.2003); *Berry v. Delta Airlines, Inc*., 260 F.3d 803, 810 (7th Cir.2001); *Laborers' Int'l Union of N. Am. v. Caruso*, 197 F.3d 1195, 1197 (7th Cir.1999). Plaintiff's response to Defendant's Motion for Summary Judgment did not address any of the arguments put forth by Defendant. Plaintiff failed to provide evidence that Defendant breached the Settlement Agreement and that the breach led to the denial of unemployment benefits. In failing to present specific facts and evidence in his response, Plaintiff has failed to show that an issue of material fact exists. As such, Defendant's Motion for Summary Judgement is GRANTED.

Defendant further asserts that it is entitled to recover the costs and attorneys' fees incurred by Defendant pursuant to the terms of the settlement agreement. The Agreement provides, "If the Company prevails in an action to enforce any provision of this Agreement, or relating to Plaintiff's breach of any provision of this Agreement, then, in addition to any other relief to which the Company may be entitled, Employee shall reimburse the Company for the costs and attorneys' fees incurred by the Company in any such action." (Doc. 31, Ex. A, 8). The Agreement further states that the interpretation and performance of the Agreement "will be governed by the laws of the State of Illinois without reference to that Jurisdiction's choice of law provisions." (Doc. 31, Ex. A, 8).

Under Illinois law, an unsuccessful party in a lawsuit is generally not responsible for the other party's attorney fees. *Abreu v. Unica Industrial Sales, Inc*. 224 Ill.App.3d 439 (1991); *Cmty. Consol. Sch. Dist. No. 54 v. Illinois State Bd. of Educ*., 216 Ill. App. 3d 90 (1991) An exception to this rule is when a contract provides for the award of such fees. *Abdul-Karim v.*

*First Fed. Sav. & Loan Ass'n of Champaign*, 462 N.E.2d 488, 493-4 (1984). Contract provisions regarding attorney fees are to be strictly construed and enforced at the discretion of the circuit court. *Mirar Dev. v. Kroner*, 308 Ill. App. 3d 483, 488 (1999). Any issue concerning the construction, interpretation, or legal effect of a contract is a matter to be determined by the court as a question of law. *Richard W. McCarthy Trust v. Ill. Cas. Co.*, 408 Ill. App. 3d 526, 534-35 (2011). If a contract provision is subject to more than one reasonable interpretation, the ambiguity is generally construed against the drafter. *Zwayer v. Ford Motor Credit Co.*, 279 Ill. App. 3d 906, 910 (1996).

Here, the terms of the Settlement Agreement at paragraph 9.1 provide for recovery of attorney's fees as follows:

> If the Company prevails in an action to enforce any provision of this Agreement, or relating to Employee's breach of any provision of this Agreement, then, in addition to any other relief to which the Company may be entitled, Employee shall reimburse the Company for the costs and attorneys' fees incurred by the Company in any such action.

It is unclear, however, whether this provision is intended to apply only to actions brought by the Company or actions brought by either party. As such, the Court finds this provision is subject to more than one interpretation and is therefore ambiguous.

Defendant attempts to insulate itself from longstanding contract principles by including paragraph 7.6 entitled "Jointly Drafted." This section asserts that "this Agreement is deemed to have been jointly prepared by the Parties" due to all parties having had opportunity to consider and negotiate its terms. Considering the one-sided nature of the attorney's fees provision, the Court is not persuaded that the Agreement was, in fact, jointly drafted. Rather, the Court finds that the Agreement provides greater benefit to the Company and was likely drafted solely by the

Company.  As such, the ambiguity in the attorney's fees provision must be construed against the Company. Therefore, Defendant's request for attorney's fees is DENIED.

Defendant's Motion for Summary Judgment (Doc. 31) is therefore GRANTED in part and DENIED in part.  The Court GRANTS Defendant's Motion in that there exists no genuine issue of material fact, but DENIES Defendant's request for attorney's fees.  In addition, Defendant's Motion to Continue the Final Pretrial Conference and Trial (Doc. 35) is DENIED as MOOT.  As no counts remain pending, the Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  April 10, 2015**                                                       /s/ Staci M. Yandle
                                                           **STACI M. YANDLE**
                                                           **DISTRICT JUDGE**